UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAMELA GREACEN and
ARTHUR L. BUSER, JR.,

       Plaintiffs,

v.

Case No. 8:20-cv-2568-JSM-AAS

TOWN OF REDINGTON BEACH,

       Defendant.

_____/

**NON-PARTY ELIZABETH SCHMIDT'S TIME SENSITIVE
MOTION FOR PROTECTIVE ORDER AND TO QUASH THE
SUBPOENA AND INCORPORATED MEMORANDUM OF LAW**

Non-party, Mrs. Elizabeth Schmidt ("Schmidt"), pursuant to Rule 45 of the Federal Rules of Civil Procedure and Local Rule 3.04, moves this Court to quash the subpoena served on June 8, 2021, (the "Subpoena") by Defendant, the Town of Redington Beach ("Defendant"), and for the entry of a Protective Order prohibiting Defendant from conducting the deposition. In support thereof, Schmidt states as follows:

1. This Motion is of a time sensitive nature due to the fact that Defendant, who served a testimonial Subpoena on Non-Party Schmidt, purports to require attendance of Schmidt for an in-person deposition **tomorrow, June 16, 2021**.

2. On Tuesday, June 8, 2021, Schmidt was served with the Subpoena to attend a deposition to testify about undisclosed topics in this matter. A true and correct copy of the Subpoena is attached as **Exhibit A.**

3. The Subpoena directs Schmidt to appear for a deposition eight (8) days after the date of its service, on June 16, 2021.

4. Prior to service of the Subpoena, Defendant, despite knowing that Schmidt is represented by counsel,[1] did not provide the undersigned with any notice regarding the Subpoena and did not to coordinate a mutually convenient time and date for the deposition.

5. During a good faith conferral, Counsel for Defendant stated that the Subpoena was served in reaction to Plaintiffs' service of a supplemental witness disclosure, which reportedly named Schmidt as a potential witness.

6. The Court should quash the Subpoena and enter a protective order prohibiting Defendant from deposing Schmidt for the following reasons:

    A. *First*, the Subpoena fails to provide sufficient notice to allow Schmidt a reasonable amount of time to comply in direct violation of Rule 45(d)(3)(A)(i) and Local Rule 3.04, which requires at least 14 days' notice.

---

[1] The undersigned has submitted multiple public records requests on Schmidt's behalf regarding Ordinance 2018-03 and has communicated with counsel for the Defendant regarding those requests. *See* public records requests submitted to Defendant, attached as **Composite Exhibit B**.

B. *Second*, the Subpoena subjects Schmidt to undue burden in breach of Rule 45(d)(3)(A)(iv) and, in the absence of a protective order, may risk the divulgement of privileged information.

## MEMORANDUM OF LAW

### I. Standard

Pursuant to Rule 30(a)(1), attendance of witnesses may be compelled through the issuance of a subpoena as provided under Rule 45. Rule 45(d)(3)(A) requires, on a timely motion, the Court to quash or modify a subpoena that fails to allow a reasonable time to comply or subjects a person to undue burden. In the Middle District of Florida, Local Rule 3.04 requires that a subpoena must provide at least 14 days' notice. *See* M.D. Fla. L.R. § 3.04; *see also Yormak v. Yormak*, No. 2:14-cv-33-FtM-29CM, 2014 WL 7274004 (M.D. Fla. Dec. 14, 2014) (quashing non-party subpoena for failure to provide at least 14 days' notice to comply, and for imposing an undue burden).[2]

---

[2] Even in districts where the applicable rules do not provide an express deadline establishing the time between service of a subpoena and the anticipated date of deposition that should be considered reasonable, various district courts have agreed that 14 days is "'presumptively reasonable.'" *TIC Park Ctr. 9, LLC v. Cabot*, 16-24569-CIV, 2017 WL 9988745, at *7 (S.D. Fla. June 9, 2017) (quoting *In re Rule 45 Subpoena to Fid. Nat. Info. Servs., Inc.*, 2009 WL 4899399, at *1 (M.D. Fla. Dec. 11, 2009)). "Although 'reasonable time' is not explicitly defined in this section of Rule 45, other courts have looked to the language . . . to find fourteen days from the date of service is presumptively reasonable." *In re Rule 45 Subpoena to Fid. Nat. Info. Servs., Inc.*, 2009 WL at *1 (citing *McClendon v. TelOhio Credit Union, Inc.*, 2006 WL 2380601 (S.D. Oh. Aug. 14, 2006)); *see also Mendenhall v. Blackmun*, 2010 WL 3272946, at *1 (S.D. Ala. Aug. 18, 2010).

Rule 26(c) governs the issuance of protective orders and empowers courts upon a showing of good cause to make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Among the limitations that may be placed upon discovery, a court may require any of the following –

> (1) that the disclosure or discovery not be had; (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court.

*United States v. Fountain View Apartments, Inc.*, No. 6:08-cv-891-Orl-35DAB, 2009 WL 10671250, at *2 (M.D. Fla. July 1, 2009) (citing Fed. R. Civ. P. 26(c)).

It is generally the rule that only a witness to whom a subpoena is directed has standing to move to quash the subpoena. *Alan v. Tyz,* 08-80935-CIV, 2009 WL 10701024, at *4 (S.D. Fla. Apr. 23, 2009). There are, however, exceptions to this rule. *See Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 428 (M.D. Fla. 2005) (citing *Cent. Bank of Tampa*, 128 F.R.D. 285 (1989) (granting defendant's motion to quash and for a protective order as to subpoena

Buchanan Ingersoll & Rooney PC
TRUIST Place, 401 E. Jackson Street, Suite 2400, Tampa, FL 33602; T 813 222 1141

directed to non-party that did not comply with Fed. R. Civ. P. 27).[3] While Rule 45 does not include an explicit timeliness requirement, it is settled law that a "'motion to quash is generally considered timely if it is brought before the time indicated for compliance.'" *TIC Park Ctr. 9, LLC,* 16-24569-CIV, 2017 WL 9988745, at *4 (quoting *Flynn v. Square One Distribution, Inc.*, 2016 WL 2997673, at *1 (M.D. Fla. May 25, 2016) (quoting Fed. R. Civ. P. 45, Rules and Commentary)).

II.  **Argument**

  A. **Defendant failed to provide sufficient notice as required by Local Rule 3.04 and Federal Rule of Civil Procedure 45.**

On June 8, 2021, Defendant served Schmidt with the Subpoena to compel her attendance for a deposition on June 16, 2021. The Subpoena violates the pertinent rules because it only provided eight (8) days' notice in advance of the unilaterally scheduled deposition. Local Rule 3.04 provides that a "deposition by oral examination . . . require[s] **fourteen days' written notice**." (emphasis added). Accordingly, a testimonial subpoena issued under Rule 45, which

---

[3] Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial, P11:2286 (The Rutter Group 2005) ("Prior to the deposition, the nonparty witness, or any party may move: to quash the subpoena (e.g., for improper service, inadequate description, or lack of control of the designated documents). . . .")).

requires compliance in the Middle District of Florida, must provide, at the very minimum, a 14 day written notice in advance of the deposition.

Where a subpoena provides untimely notice to a prospective deponent under the Local Rules, it cannot be enforced. *See Monex Fin. Services Ltd. v. Nova Info. Sys., Inc.*, 608-MC-137-ORL-31KRS, 2008 WL 5235135, at *3 (M.D. Fla. Dec. 15, 2008) (noting that there "were only eight business days between" the service date of the deposition subpoena and the date of the proposed deposition and, as such, "the deposition was not timely noticed."). And, pursuant to Rule 45(d)(3)(A)(i), "the court for the district where compliance is required must quash" a subpoena that fails to allow a reasonable time to comply.

As sufficient notice required under Local Rule 3.04 and Rule 45 was not provided, the Subpoena served on Schmidt must be quashed. *See Yormak v. Yormak*, No. 2:14-cv-33-FtM-29CM, 2014 WL 7274004 (M.D. Fla. Dec. 14, 2014) (quashing non-party subpoena for failure to provide at least fourteen days-notice to comply and for imposing an undue burden). Thus, the Court should grant Schmidt's Motion.

### B. The Subpoena Subjects a Non-Party to Undue Burden.

In October of 2020, Plaintiffs instituted the instant action in state court. Days later, Defendant removed the action to the Middle District of Florida.

**Buchanan Ingersoll & Rooney PC**
TRUIST Place, 401 E. Jackson Street, Suite 2400, Tampa, FL 33602; T 813 222 1141

Shortly thereafter, the parties appeared to have engaged in discovery. ECF [9]. The Court issued a case management order setting a discovery cut off of June 25, 2021. ECF [10]. Despite the benefit of over six months of discovery and having knowledge of Schmidt's status as a resident of Redington Beach who is passionate about protecting her property rights, Defendant waited until the eve of the discovery deadline to serve the Subpoena on Schmidt.

Defendant had notice of Schmidt's position regarding Ordinance 2018-03 since the commencement of the action, *see* **Ex. B**, as well as the undersigned's representation, yet chose to serve the Subpoena at the close of discovery and failed to notice or coordinate with the undersigned before service was effectuated. Moreover, the Subpoena lacks any scope or description regarding the intended deposition, depriving Schmidt of the opportunity to evaluate the relevance of the information sought. These deficiencies also pose the risk of Defendant's counsel wading into testimonial territory that may be protected by the attorney-client and/or work product privileges.[4] Discovery must be limited to non-privileged matters that are "relevant to any party's claim or defense."

---

[4] The attorney-client privilege exists to protect confidential communications made between clients and their attorneys for the purpose of securing legal advice. *Swidler & Berlin v. United States*, 524 U.S. 399, 403, 118 S. Ct. 2081, 141 L. Ed. 2d 379 (1998). The attorney-client privilege protects all legal advice of any kind that a client seeks from an attorney in his/her capacity as an attorney, and the communication is made in confidence. *See Int'l Brominated Solvents Ass'n v. Am. Conf. of Gov. Indus. Hygienists, Inc.*, No. 5:04-cv-394 (HL), 2007 WL 1964062 (M.D. Ga. June 29, 2007); *see also West Peninsular Title Co. v. Palm Beach County*, 132 F.R.D. 301 (S.D. Fla. 1990).

Fed. R. Civ. P. 26(b). By omitting the subject, topics, and the intended scope of the non-party deposition from the Subpoena, Schmidt is deprived of her right to evaluate the proposed scope and request limitations on the reach of the examination, if warranted.

Defendant's last minute attempt to improperly seek discovery by way of an insufficiently noticed deposition places an undue burden on Schmidt. *See Yormak*, No. 2014 WL 7274004. Good cause exists to grant Schmidt a protective order to preclude the undue burden Defendant seeks to impose. *See* Fed. R. Civ. P. 26(c); *Woliner v. Sofronsky*, No. 18-CV-80305-Dimitrouleas/Matthewman, 2018 WL 5660529 (S.D. Fla. Nov. 1, 2018); *Liles v. Stuart Weitzman, LLC*, No. 09-61448-CIV, 2010 WL 1839229 (S.D. Fla. May 6, 2010). This Court should accordingly enter a protective order and cancel the deposition.

## CONCLUSION

The deposition Defendant intends to take tomorrow, June 16, 2021, was not properly noticed, is untimely under Local Rule 3.02, and places an undue burden on Schmidt.

WHEREFORE, Non-Party Elizabeth Schmidt respectfully requests that this Court enter an Order quashing the Subpoena, granting a Protective Order

cancelling the deposition unilaterally scheduled for June 16, 2021, and granting such further and other relief that this Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certifies that he has in good faith conferred with counsel for the Plaintiffs and for the Defendant in an effort to resolve the issues raise in this Motion by telephone and/or e-mail correspondences on June 11th and June 14th. Counsel for the Defendant has indicated by e-mail correspondence that Defendant objects to the relief sought in this Motion. Counsel for Plaintiffs has indicated by telephone that they do not object.

Respectfully submitted,

**Buchanan Ingersoll & Rooney PC**
TRUIST Place
401 E. Jackson Street, Suite 2400
Tampa, FL 33602
Telephone: (305) 347-5912

By: */s/ Kyle B. Teal*
Kyle B. Teal, FBN 99193
Kyle.Teal@bipc.com
Lauren V. Humphries, FBN 117517
Lauren.Humphries@bipc.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and through that filing served all counsel of record.

*/s/ Kyle B. Teal*
Kyle B. Teal, FBN 99193

**Buchanan Ingersoll & Rooney PC**
TRUIST Place, 401 E. Jackson Street, Suite 2400, Tampa, FL 33602; T 813 222 1141