# Composite Exhibit B

# Buchanan Ingersoll & Rooney PC

One Biscayne Tower
Two South Biscayne Boulevard
Suite 1500
Miami, FL 33131-1822

T 305 347 4080
F 305 347 4089

**Kyle B. Teal**
305 347 5912
kyle.teal@bipc.com

June 21, 2019

**Via Electronic Mail & US Mail**
*Info@townofredingtonbeach.com*

Melissa "Missy" Clarke
Town Clerk
105 164th Avenue
Redington Beach, FL 33708

      **Re:**    **Request for confirmation that owner of real property located at 15812 Gulf Boulevard, Redington Beach, Florida 33708 (the "Property") is unaffected by Ordinance No. 2018-03, and Public Records Request per Chapter 119**

Dear Ms. Clarke:

    Please be advised that this firm represents Elizabeth Schmidt, the owner of the above-described Property. On June 6, 2018, the Town of Redington Beach (the "Town") passed Ordinance No. 2018-03 (attached as Exhibit A) which purported to regulate and acquire certain rights to private property located on the "dry sand" between beachfront homes and the mean high-water line based on the "customary use" doctrine. The Ordinance lacks reference to any specific property descriptions and is, therefore, unclear as to its impact.

    Accordingly, **we request that, no later than July 11, 2019, the Town definitively state in a written response to this letter whether Ordinance No. 2018-03 is, or is not, intended to apply specifically to my client's Property and, consequently, intended to impact her property rights.**

    If the Town confirms that Ordinance No. 2018-03 is intended to be enforceable against the Property, please be advised that the Ordinance is unconstitutional and invalid, and that my client objects to its enactment and reserves all legal and equitable rights and remedies. Furthermore, in an effort to better understand the intended impact of the Ordinance, we submit the following Public Records Request:

Pursuant to Chapter 119 of the Florida Statutes, we hereby request permission to inspect and copy the following records:

1. All correspondence (electronic or otherwise) regarding Ordinance No. 2018-03;

2. All correspondence (electronic or otherwise) regarding the Town's intent in passing Ordinance No. 2018-03;

3. All correspondence (electronic or otherwise) regarding the intended impact of Ordinance No. 2018-03;

4. All correspondence (electronic or otherwise) to and from anyone who owns property in the Town and/or representatives of said property owners regarding Ordinance No. 2018-03;

5. All documents regarding the legislative history of Ordinance No. 2018-03, including, but not limited to, transcripts, notes, recordings (visual and audio), and meeting minutes;

6. All documents and correspondence (electronic or otherwise) that support the Town's assertions in the following paragraph of Ordinance No. 2018-03:

    **WHEREAS,** historical records, photographic evidence, and testimony of citizens of the Town, confirm the public at large, including residents of and visitors to the Town, have utilized the dry sand areas of all of the beaches in the Town for recreational purposes since well before 1970 and indeed since time immemorial . . .

7. All documents and correspondence (electronic or otherwise) that support the Town's suggestion in Ordinance No. 2018-03 that the Town used public money to "fund the expansion of [the] beach";

8. All ordinances and/or resolutions adopting the following sections in the Town Code:

    - § 4-3 (animals prohibited at beaches)
    - § 4-9 (sea turtles)
    - § 6-134 (beach access and construction)
    - § 13-4 (Beach Park rules)
    - § 15-57 (adoption of state beach and shore regulations), and
    - § 21-2 (operation of vehicles on beaches)

Ms. Melissa Clarke
June 21, 2019
Page | 3

9   All correspondence (electronic or otherwise) regarding the Town Code Sections listed in Request No. 8 from the last 10 years to date;

10  All documents regarding the legislative history of the Town Code Sections listed in Request No. 8, including, but not limited to, transcripts, reports notes, recordings (visual and audio), and meeting minutes;

11  All documents and correspondence (electronic or otherwise) that support the Town's assertion that the Town Code Sections listed in Request No. 8 were enacted to "safeguard the customary use of [the Town's] beaches";

12  All documents and correspondence (electronic or otherwise) regarding the "costly procedural requirements for the adoption of any new customary use ordinances" mandated by Section 163.035 of the Florida Statutes;

13  All documents and correspondence (electronic or otherwise) indicating that the Town followed the state mandated procedure provided by Chapter 2018-94 (amending § 163.035, Fla. Stat.) before passing Ordinance No. 2018-03;

14  All documents and correspondence (electronic or otherwise) indicating that the Town has obtained a judicial declaration affirming the recreational customary use on the dry sand areas of the Town's beaches;

15  All documents supporting the Town's assertion in Ordinance No. 2018-03 that the "dry sand areas of all of the beaches in the Town" are "utilized by the public at large . . . .";

16  All correspondence (electronic or otherwise) regarding the purportedly public use of the dry sand areas on all beaches in the Town;

17  All documents and correspondence (electronic or otherwise) regarding the Town's assertion that the use of the "dry sand areas of the Town's beaches has been ancient, exercised without interruption, peaceable and free from dispute, reasonable, certain, obligatory, and consistent with other customs or other law[,]";

18  All documents and correspondence (electronic or otherwise) providing and/or describing the Town's "customary public uses" that it exercises on the dry sand areas of the beach;

19  All documents and correspondence (electronic or otherwise) providing and/or describing the type of permissible uses property owners may exercise on the dry sand of the beaches "which is consistent with such customary public uses and not calculated to interfere with such uses";

20  All documents and correspondence (electronic or otherwise) supporting the Town's assertion that "owners of property that contains a portion of

Ms. Melissa Clarke
June 21, 2019
Page | 4

> the dry sand areas of the Town's beaches may, under the Town's pre-existing customary use rules and under this Ordinance, still make any use of their property which is consistent with such customary public uses and not calculated to interfere with such uses";

21. All documents and correspondence (electronic or otherwise) regarding the dry sand areas on the Property located at 15812 Gulf Boulevard, Redington Beach, Florida 33708;

22. All documents and correspondence (electronic or otherwise) regarding the application and/or relevance of Ordinance No. 2018-03 to the Property located at 15812 Gulf Boulevard, Redington Beach, Florida 33708;

23. All documents and correspondence (electronic or otherwise) indicating that the Town is the record title owner of the dry sand areas of the Town's beaches;

24. All documents and correspondence (electronic or otherwise) indicating that the Town is the record title owner of the dry sand area located at 15812 Gulf Boulevard, Redington Beach, Florida 33708; and

25. All documents and correspondence (electronic or otherwise) regarding pending or ongoing litigation related to Ordinance No. 2018-03.

Please be advised that this Public Records Request is intended to be as broad and inclusive as permitted by law and is intended to apply to all officers, employees, departments, divisions, bureaus, commissions, councils, and any other public or private agency, person, partnership, corporation or business entity acting on behalf of the Town and/or with knowledge regarding the topics included in the above requests.

In accordance with state law and in furtherance of compliance with this Public Records Request, we would like the custodian of the official records of the Town to make an investigation of this request to ensure full compliance with all applicable provisions of Chapter 119, Florida Statutes, as amended.

### Records are By Law Open to Inspection

Florida's Public Records Act provides that "all state, county and municipal records are open for personal inspection and copying by any person." § 119.01(1), Fla. Stat. Accordingly, we request that the responsive records be made available for inspection as soon as possible but, in any event, **no later than Monday, July 22, 2019**. If, for any reason, any of the requested records will not be made available for our inspection by that date, or if any questions or problems arise in responding to our requests, please advise me in writing as soon as possible.

Ms. Melissa Clarke
June 21, 2019
Page | 5

### Compensation to the Town for Duplication Costs Incurred

We will compensate the Town for the cost of duplication of any records which we request to be duplicated, as provided by law under subsection 119.07(4) of the Florida Statutes. Please advise us of the estimated costs of producing the requested documents prior to incurring said costs.

### Citation Required for Any Exemption Claimed
### and Reasons Must Be Given for Claiming Exemptions

Subsection 119.07(1)(e) of the Florida Statutes further provides that if the person who has custody of a public record contends that the record or any portion thereof is exempt from inspection, such person must state the basis of the exemption which the person contends is applicable to the record, including the statutory citation to an exemption created or afforded by statute. Additionally, if requested by the person seeking the right under the subsection to inspect, examine or copy the record, the person who has custody of the public record must state in writing and with particularity the reason(s) for his or her conclusion that the record is exempt. § 119.07(1)(f), Fla. Stat.

We hereby request that the Town state in writing both the statutory citation for any exemption which it claims is applicable to any requested record as well as the specific bases for any and all conclusions that the requested records are exempt.

### All Portions of Nonexempt Records Must be Made Available

Subsection 119.07(1)(d), Florida Statutes, provides that a person who has custody of a public record and who asserts that an exemption applies to a particular public record or part of such record shall delete or excise from the record only that portion of the record with respect to which an exemption has been asserted and validly applies, and such person shall produce the remainder of such record for inspection and examination.

### Obligation to Preserve Documents
### the Town May Claim Are Not Public Records

If, for some reason, the Town asserts that a requested record is not a public record subject to public inspection or copying, the requested record shall, nevertheless, not be disposed of for a period of 30 days after the date on which the Town receives this written request. *See* § 119.07(1)(h), Fla. Stat. If, within that 30 day period, a civil action to enforce the Public Records Act with respect to this request is initiated, the Town may not dispose of the records except by court order after notice to all affected parties.

Ms. Melissa Clarke
June 21, 2019
Page | 6

      Your attention to these matters, and your anticipated cooperation, is greatly appreciated. If you have any questions about the scope of this request, please do not hesitate to contact me.

                    Sincerely,

                    Buchanan Ingersoll & Rooney PC

          By:      Kyle B. Teal

cc. Town Commissioners

Filing # 80014854 E-Filed 10/29/2018 03:48:19 PM

**Town of Redington Beach**

ORDINANCE NO. 2018-03

AN ORDINANCE OF THE TOWN OF REDINGTON BEACH, FLORIDA, AMENDING CHAPTER 13 OF THE TOWN CODE; CONFIRMING THE PUBLIC'S LONG-STANDING CUSTOMARY USE OF THE DRY SAND AREAS OF THE TOWN'S BEACHES, CLARIFYING WHICH USES ARE PERMITTED AND PROHIBITED FOR MEMBERS OF THE PUBLIC ON THE DRY SAND AREAS OF THE BEACH THAT ARE OWNED BY PRIVATE ENTITIES; PROVIDING FOR A BUFFER AREA AROUND PRIVATE PERMANENT STRUCTURES; PROVIDING FOR RELOCATION OF BEACH-RELATED REGULATIONS; PROVIDING FOR ENFORCEMENT; MAKING RELATED FINDINGS; PROVIDING FOR CODIFICATION, SEVERABILITY, AND AN EFFECTIVE DATE.

**WHEREAS**, after the United States acquired Florida from Spain in the early 1800's, the lands under the navigable waters, including the shores, were held by the United States for the benefit of the people; and

**WHEREAS**, when Florida gained statehood, it was granted authority to hold, in its sovereign capacity, title to the beds of navigable waters, including the shore and the space between high and low water marks, in trust for the people of the state, who have rights of navigation, commerce, fishing, boating and other public uses; and

**WHEREAS**, the Town of Redington Beach (the Town) was incorporated as a Florida municipality in 1935 and its Charter was adopted in 1945; and

**WHEREAS**, the Town's founder, Charles E. Redington, his wife Hazel, and their five children wintered in the area in the 1920s from their home in Tucer, Indiana; and

**WHEREAS**, the Redingtons eventually moved to the area in 1925, and in 1935 were the first to construct a private home in the Town; and

**WHEREAS**, the Town has, since its inception, been a primarily residential community of approximately 1 square mile in size, consisting of beachfront single-family dwellings and, in more recent times condominiums, located on the beautiful Gulf of Mexico, with public beach-access ramps for persons to gain easy access to the Town's beaches; and

**WHEREAS**, historical records, photographic evidence, and testimony of citizens of the Town, confirm the public at large, including residents of and visitors to the Town, have utilized the dry sand areas of all of the beaches in the Town for recreational purposes since well before 1970 and indeed since time immemorial; and

**WHEREAS**, Article X, § 11 of the Florida Constitution provides that the state holds the land

Exhibit B to Plaintiffs' Complaint

seaward of the mean high-water line in trust for the people, and the public has a right of access along Florida's beaches and shorelines below the mean high-water line; and

**WHEREAS**, Florida Statutes §187.201(8)(b)(2) requires the state to ensure "the public's right to reasonable access to beaches"; and

**WHEREAS**, Under Florida's Beach and Shore Preservation Act, when public money is used to fund the expansion of a beach, the added sand becomes property of the state, free for public use. Beach and Shore Preservation Act, Florida Statutes § 161.011, et seq.; and

**WHEREAS**, the Town has long sought to safeguard the customary use of its beaches at the local law level, having adopted § 4-3 (animals prohibited at beaches) § 4-9 (sea turtles), § 6-134 (beach access and construction) § 13-4 (Beach Park rules), § 15-57 (adoption of state beach and shore regulations), and § 21-2 (operation of vehicles on beaches) of the Town Code, all aimed at affording a balance of acceptable use between owners of private properties along the beaches and beach visitors and all in effect prior to January 1, 2016; and

**WHEREAS**, Chapter Law 2018-94 created Florida Statutes § 163.035, creating a regulatory scheme for local governmental establishment of recreational customary use ordinances; and

**WHEREAS**, this new law creates significant new and costly procedural requirements for the adoption of any new customary use ordinances after July 1st 2018; and

**WHEREAS**, this new law is not applicable to ordinances in existence prior to January 1st 2016 and allows local governments to raise customary use as an affirmative defense in proceedings challenging any beach regulation ordinance adopted prior to July 1st 2018; and

**WHEREAS**, the recreational use of the dry sand areas of all of the beaches in the Town is a treasured asset of the Town which is utilized by the public at large, including residents and visitors to the Town; and

**WHEREAS**, the use of the dry sand areas of all of the beaches in the Town are a vital economic asset to the Town, Pinellas County, and the State of Florida; and

**WHEREAS**, the use of the dry sand areas of the Town's beaches has been ancient, exercised without interruption, peaceable and free from dispute, reasonable, certain, obligatory, and consistent with other customs or other law; and

**WHEREAS**, the Florida Supreme Court, in *City of Daytona Beach v. Tona-Rama, Inc.*, 294 So. 2d 73, 75 (Fla. 1974), expressly recognized the doctrine of customary use in the state of Florida; and

**WHEREAS**, the federal district court for the Northern District of Florida, in *Alford v. Walton County*, 2017 WL 8785115, (N.D. Fla. November 22, 2017), the most recent case to consider a Florida local government's authority to maintain customary use ordinances, confirmed that such ordinances were within the right of local governments to adopt and maintain; and

**WHEREAS**, in light of this long and continuous use, the Board of Commissioners finds that the doctrine of customary use has applied to all of the beaches in the Town since even before the Town's founding; and

**WHEREAS**, the Town desires to ensure that the public's long-standing customary use of the dry sand areas of all of the beaches in the Town for recreational purposes is protected; and

**WHEREAS**, the Town recognizes, acknowledges, and protects the rights of private property owners to enjoy and utilize their property; and

**WHEREAS**, the buffer zone set forth in this Ordinance is not intended to constitute an abandonment of the public's right, based upon its long-standing customary use, to utilize the dry sand areas of the Town's beaches for recreational purposes in such buffer zone, but rather is provided voluntarily and solely as an accommodation to the private property rights of those individuals who own property on which a portion of the dry sand areas of the beach is located; and

**WHEREAS**, the owners of property that contains a portion of the dry sand areas of the Town's beaches may, under the Town's pre-existing customary use rules and under this Ordinance, still make any use of their property which is consistent with such customary public uses and not calculated to interfere with such uses; and

**WHEREAS**, while the Town's Board of Commissioners finds that its current ordinances provide an effective protection of the customary use of the Town's beaches by residents and visitors, it also finds that it is in the best interests of the Town, its residents and visitors, to further bolster and clarify this pre-existing regulatory scheme by the adoption of this Ordinance.

**NOW, THEREFORE BE IT ORDAINED** by the Board of Commissioners of the Town of Redington Beach, Florida, that:

**Section 1.** A new Article III of Chapter 13 (Parks and Recreation) of the Redington Beach Town Code, entitled Beaches, and initially consisting of § 13-30, is hereby created as follows:

ARTICLE III. – BEACHES

**Sec. 13-30. – Customary use of dry sand beach.**

(a) The public's long-standing customary use of the dry sand areas of all of the beaches in the town for recreational purposes is hereby recognized and protected. Except as stated in subsection (c) below, no individual, group, or entity shall impede or interfere with the right of the public at large, including the residents of and visitors to the town, to utilize the dry sand areas of the beach that are owned by private entities for the uses as described in subsection (d).

(b) The dry sand area of the beach is defined as the zone of unconsolidated material that extends landward from the mean high-water line to the place where there is marked change in material or physiographic

form, or to the line of permanent vegetation, usually the effective limit of storm waves, whichever is more seaward.

(c) Members of the public at large shall not utilize a fifteen (15) foot buffer zone located seaward from the toe of the dune or from any privately-owned permanent habitable structure that is located on, or adjacent to, the dry sand areas of the beach, whichever is more seaward, except as is necessary to utilize an existing or future public beach access point for ingress and egress to the beach. The foregoing buffer zone requirement shall not apply to emergency service workers, including police, fire and paramedic personnel, nor to other governmental personnel exercising lawful duties, nor to persons invited or authorized to be within the zone by the private land owner.

(d) The following are the sole uses permitted for members of the public on the dry sand areas of the beach that are owned by private entities:

   (1) traversing the beach;

   (2) sitting on the sand, in a beach chair, or on a beach towel or blanket;

   (3) using a beach umbrella that is seven (7) feet or less in diameter;

   (4) sunbathing;

   (5) picnicking;

   (6) fishing;

   (7) swimming or surfing off the beach;

   (8) placement of surfing or fishing equipment for personal use; and

   (9) building sand creations unless prohibited by § 4-9 of this code concerning sea turtles.

(e) The following are specifically prohibited for members of the public on the dry sand areas of the beach that are owned by private entities: use of tobacco; possession of animals; erection or use of tents.

(f) Activities on the beach are governed by § 4-9 (sea turtles), § 6-134 (beach access and construction) § 13-4 (Beach Park rules), and § 15-57 (adoption of state beach and shore regulations) of this code, and such other regulations as are now or may in the future be included in this article. Violations of this article are punishable as provided by § 1-14 of this code.

**Section 2.** Section 4-3 of the Redington Beach Town Code is hereby relocated to Article III of Chapter 13 and renumbered as follows:

**Sec. 4-3 13-31. - Animals prohibited at beaches, parks and recreation areas.**

(a) It is unlawful for any person to bring or have or ride or allow on any beach or in the water adjacent thereto any animal.

(b) It shall be unlawful for any person to bring or have or ride or allow on municipally owned parks or recreation areas any animal. The town shall post notice of the restriction in this section at the entranceway of each municipal park or recreation area, and, if there is no designated entranceway, at any other location convenient to public observation.

**Section 3.** Section 21-2 of the Redington Beach Town Code is hereby relocated to Article III of Chapter 13 and renumbered as follows:

**Sec. 21-2 13-32. - Operation of vehicles on beaches.**

(a) It is unlawful for any person directly or indirectly to use or operate or to allow another to use or operate upon, on or along the gulf beach, or upon any beach or shoreline or waters adjacent thereto, within the town limits, any motor vehicle, unless application in writing showing reasonable necessity therefor shall first have been made to the board of commissioners and a special written approval is obtained from the town.

(b) The following shall be excepted from the provisions of this section:

   (1) Municipal vehicles or equipment, any vehicle in such area for an emergency purpose for the public safety or general welfare, or any vehicle or equipment authorized by the town to be in such area for a public purpose.

   (2) Mechanical equipment necessary and temporarily being used in such area for authorized improvements upon private or public property, for the construction of which improvements a permit has been applied for and granted by the town in the manner required by this Code and other ordinances of the town.

**Section 4.** For purposes of codification of any existing section of the Redington Beach Code herein amended, words **underlined** represent additions to original text, words stricken are deletions from the original text, and words neither underlined nor stricken remain unchanged.

**Section 5.** If any section, subsection, sentence, clause, provision or word of this Ordinance is held unconstitutional or otherwise legally invalid, same shall be severable and the remainder of this

Ordinance shall not be affected by such invalidity, such that any remainder of the Ordinance shall withstand any severed provision, as the Board of Commissioners would have adopted the Ordinance and its regulatory scheme even absent the invalid part.

Section 6. The Codifier shall codify the substantive amendments to the Redington Beach Town Code contained in Sections 1 through 3 of this Ordinance as provided for therein, and shall not codify the exordial clauses nor any other sections not designated for codification.

Section 7. This Ordinance shall become effective immediately upon final passage and adoption.

**PASSED AND ADOPTED** by the Board of Commissioners of the Town of Redington Beach, Pinellas County, Florida, on this 6th Day of June, 2018.

**ATTEST:**

*Missy Clarke* [signature]
**Missy Clarke, CMC Town Clerk**

[signature]
Nick Simons, Mayor

|  | Motion | Seconded | Aye | Nay | Absent |
|---|---|---|---|---|---|
| **Commissioner Kornijtschuk** |  |  | X |  |  |
| **Commissioner Dorgan** |  | X | X |  |  |
| **Commissioner Steiermann** |  |  | X |  |  |
| **Vice Mayor Will** | X |  | X |  |  |
| **Mayor Simons** |  |  | X |  |  |



One Biscayne Tower
Two South Biscayne Boulevard
Suite 1500
Miami, FL  33131-1822

**Kyle B. Teal**
T   305 347 5912
kyle.teal@bipc.com

May 25, 2021

<u>**Via Electronic Mail & US Mail**</u>

Ms. Melissa "Missy" Clarke
Town Clerk
105 164th Avenue
Redington Beach, FL 33708
townclerk@townofredingtonbeach.com

   Re:  Chapter 119 Public Records Request Regarding Ordinance No. 2018-03

Dear Ms. Clarke:

  Pursuant to Chapter 119, Florida Statutes, we hereby request permission to inspect and copy the following records:

  1  All documents, records, and correspondence (electronic or otherwise), sent or received by any Town of Redington Beach Commissioner(s) and any representative(s), employee(s), or agent(s) of the Pinellas County Sheriff's Office regarding Ordinance No. 2018-03 (attached as Exhibit A);

  2  All documents, records, and correspondence (electronic or otherwise), sent or received by any Town of Redington Beach Commissioner(s) and any representative(s), employee(s), or agent(s) of the Pinellas County Sheriff's Office regarding the Order in *Buending v. Town of Redington Beach*, Case No. 8:19-cv-1473-T-30SPF (attached as Exhibit B);

  3  All documents, records,  and correspondence (electronic or otherwise), sent or received by Mayor David Will and any representative(s), employee(s), or agent(s) of the Pinellas County Sheriff's Office regarding Ordinance No. 2018-03 (attached as Exhibit A);

  4  All documents, records, and correspondence (electronic or otherwise), sent or received by Mayor David Will and any representative(s), employee(s), or agent(s) of the Pinellas County Sheriff's Office regarding the Order in

Town of Redington Beach
May 25, 2021
Page | 2

        *Buending v. Town of Redington Beach*, Case No. 8:19-cv-1473-T-30SPF (attached as Exhibit B);

5. All documents, records, and correspondence (electronic or otherwise), sent or received by Vice Mayor Tom Dorgan and representative(s), employee(s), or agent(s) of the Pinellas County Sheriff's Office regarding Ordinance No. 2018-03 (attached as Exhibit A); and

6. All documents, records, and correspondence (electronic or otherwise), sent or received by Vice Mayor Tom Dorgan and any representative(s), employee(s), or agent(s) of the Pinellas County Sheriff's Office regarding regarding the Order in *Buending v. Town of Redington Beach*, Case No. 8:19-cv-1473-T-30SPF (attached as Exhibit B).

Please be advised this Public Records Request is intended to be as broad and inclusive as permitted by law and is intended to apply to all officers, employees, departments, divisions, bureaus, commissions, councils, and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of the Town of Redington Beach (the "Town") and/or with knowledge regarding the topics included in the above requests.

In accordance with state law and in furtherance of compliance with this Public Records Request, we would request for the custodian of the official records of the Town to make an investigation of this request to ensure full compliance with all applicable provisions of Chapter 119, Florida Statutes, as amended.

## Records are By Law Open to Inspection

Florida's Public Records Act provides that "all state, County and municipal records are open for personal inspection and copying by any person." § 119.01(1), Fla. Stat. Accordingly, we request the responsive records be made available for inspection as soon as reasonably possible.

If, for any reason, any of the requested records will not be made available for our inspection, or if any questions or problems arise in responding to our requests, please advise us in writing as soon as possible.

## Compensation to the Town for Duplication of Costs Incurred

We will compensate the Town for the reasonable cost of duplication of any records which we request to be duplicated, as provided by law under section 119.07(4), Florida Statutes. Please advise us of the estimated costs of producing the requested documents prior to incurring said costs.

Town of Redington Beach
May 25, 2021
Page | 3

## Citation Required for Any Exemption Claimed
## and Reasons Must Be Given for Claiming Exemptions

Subsection 119.07(1)(e), Florida Statutes, further provides that if the person who has custody of a public record contends that the record or any portion thereof is exempt from inspection, such person must state the basis of the exemption which the person contends is applicable to the record, including the statutory citation to an exemption created or afforded by statute. Additionally, if requested by the person seeking the right under the subsection to inspect, examine or copy the record, the person who has custody of the public record must state in writing and with particularity the reason(s) for his or her conclusion that the record is exempt. § 119.07(1)(f), Fla. Stat.

We hereby request the Town state in writing both the statutory citation for any exemption which it claims is applicable to any requested record as well as the specific bases for any and all conclusions that the requested records are exempt.

## All Portions of Nonexempt Records Must be Made Available

Subsection 119.07(1)(d), Florida Statutes, provides that a person who has custody of a public record and who asserts that an exemption applies to a particular public record or part of such record shall delete or excise from the record only that portion of the record with respect to which an exemption has been asserted and validly applies, and such person shall produce the remainder of such record for inspection and examination.

## Obligation to Preserve Documents
## the Town May Claim Are Not Public Records

If, for some reason, the Town asserts a requested record is not a public record subject to public inspection or copying, the requested record shall, nevertheless, not be disposed of for a period of 30 days after the date on which the Town receives this written request. *See* § 119.07(1)(h), Fla. Stat. If, within that 30-day period, a civil action to enforce the Public Records Act with respect to this request is initiated, the Town may not dispose of the records except by court order after notice to all affected parties.

## Format of Production

If any original documents exist in electronic format, we request the documents be produced by a Dropbox or similarly transferable link with the documents' metadata intact. If the original documents exist in printed, hardcopy form and are being copied for production purposes, we will send a courier to retrieve them. If the Town would like to propose an alternative, reasonable method of inspection or delivery, please advise.

Your attention to these matters, and your anticipated cooperation, is greatly appreciated. If you have any questions about the scope of this request or anything else, please do not hesitate to contact us.

Town of Redington Beach
May 25, 2021
Page | 4

         Sincerely,

         **Buchanan Ingersoll & Rooney PC**

         Kyle B. Teal

cc. Pinellas County Sheriff's Office