UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAMELA GREACEN and
ARTHUR L. BUSER, JR.,

    Plaintiffs,

v.                                        Case No. 8:20-cv-2568-JSM-AAS

TOWN OF REDINGTON BEACH,

    Defendant.
_____/

## ORDER

Elizabeth Schmidt, non-party, moves to quash the subpoena from the Town of Redington Beach (the Town) and for entry of a protective order prohibiting the Town from deposing her. (Doc. 15). The Town opposes Ms. Schmidt's requests. (Doc. 16).

### I. BACKGROUND

In Florida state court, the plaintiffs, Pamela Greacen and Arthur Buser, Jr., sued the Town arguing that the Customary Use Ordinance § 163.035 constitutes both a facial takings claim and an as applied takings claim under the Florida Constitution and the U.S. Constitution. (Doc. 1, Ex. 4 (Amended Complaint)). The plaintiffs also requested a judgment declaring the Customary Use Ordinance is invalid and void for being inconsistent with Florida statutory law. (*Id.*). The Town removed the case to federal court and answered. (Docs. 1,

1

7). The court entered a Case Management and Scheduling Order. (Doc. 10). The discovery deadline is set for June 25, 2021. (*Id.*).

On June 8, 2021, the plaintiffs amended their initial disclosures and added Ms. Schmidt as a non-party fact witness. (Doc. 16, Ex. 1). The same day, the Town served Ms. Schmidt with a subpoena to appear for deposition on June 16, 2021. (Doc. 15, Ex. 1).

On June 15, 2021, Ms. Schmidt moved to quash the subpoena and requested a protective order to prevent her from being deposed. (Doc. 15). The same day, the Town responded in opposition to Ms. Schmidt's requests and explained why it gave only eight days' notice. (Doc. 16). Because Ms. Schmidt's deposition was scheduled for June 16, 2021, the court took Ms. Schmidt's motion under advisement but stayed the deposition until the court resolved Ms. Schmidt's motion. (Doc. 17).

## II. ANALYSIS

A party may obtain discovery about any nonprivileged matter relevant to any party's claim or defense and proportional to the needs. Fed. R. Civ. P. 26(b)(1). Discovery helps parties ascertain facts that bear on issues. *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (citations omitted). While discovery is broad, parties may not engage in a "fishing expedition" to obtain evidence to support their claims or defenses. *Porter v.*

*Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006).

### A. Motion to Quash

Ms. Schmidt moves to quash the subpoena because the Town failed to provide at least fourteen days' notice of the deposition. (Doc. 15, pp. 5–6). The Town argues that the plaintiffs provided amended initial disclosures that included Ms. Schmidt as a fact witness for the first time on June 8, 2021, which required the Town to scramble to ensure the deposition occurred before the June 25, 2021 discovery deadline. (Doc. 16, p. 6)

Under Rule 45, a court may quash, modify, or specify conditions for responding to a subpoena. Fed. R. Civ. P. 45(d)(3). Rule 45(d)(3) provides that, on a timely motion, a court must quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). The moving party must establish that the subpoena must be quashed. *Bledsoe v. Remington Arms Co., Inc.*, No. 1:09-cv-69, 2010 WL 147052, *1 (M.D. Ga. Jan. 11, 2010 (citing *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004)).

Although there is no fixed time limit for service of subpoenas under Rule 45, the Middle District of Florida Local Rules states that "[a] deposition by oral examination . . . requires fourteen days' written notice." Local Rule 3.04, M.D.

3

Fla. Here, the Town served the subpoena on June 8, 2021 for a deposition to occur on June 16, 2021, only eight days later. Because Ms. Schmidt received only eight days' notice of the subpoena, Ms. Schmidt's motion to quash the subpoena is **GRANTED.** *See Yormak v. Yormak*, No. 2:14-cv-33-FtM-29CM, 2014 WL 7274004, at *1 (M.D. Fla. Dec. 19, 2014) (quashing non-party subpoena when the non-party only received six days' notice).

### B. Motion for Protective Order

Although unclear, Ms. Schmidt also requests a protective order to prevent the Town from deposing her. (Doc. 15, pp. 7–8). Ms. Schmidt argues the subpoena lacks no scope or topics for the deposition and that could cause Ms. Schmidt to be subject to questions that may be protected by attorney-client and work product privileges. (*Id.* at p. 7). The Town argues that it could not provide a scope of the deposition because the plaintiffs failed to identify what information Ms. Schmidt might have. (Doc. 16, pp. 6–7). The Town also asserts Ms. Schmidt is represented by counsel and nothing prevents her counsel from objecting at the deposition. (*Id.* at p. 5)

Under Rule 26, a party moving for a protective order must show that good cause exists for the court to issue such an order "protect[ing] a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Along with finding good cause, the court must

4

also be satisfied that, on balance, the interests of the party seeking the protective order outweigh the interests of the opposing party. *McCarthy v. Barnett Bank of Polk Cty.*, 876 F.2d 89, 91 (11th Cir. 1989). The moving party must establish entitlement to a protective order. *Ekokotu v. Fed. Exp. Corp.*, 408 F. App'x 331, 336 (11th Cir. 2011). Although the bases for granting a protective order are narrow, the court may, on its own, limit the extent of discovery "if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii). Blanket protective orders prohibiting a deposition are rarely granted absent extraordinary circumstances. *Axiom Worldwide, Inc. v. HTRD Group H.K., Ltd.*, No. 8:11-cv-1468, 2013 WL 230241, at *2 (M.D. Fla. Jan. 22, 2013).

Here, Ms. Schmidt requests a blanket protective order to prevent her from testifying. But Ms. Schmidt fails to show how testifying would cause her an undue burden. Instead, she argues that the lack of topics to be addressed warrants the protective order. Although the short notice in scheduling the deposition is troubling, it is not enough to unduly burden Ms. Schmidt, especially considering the plaintiffs have now disclosed Ms. Schmidt as a non-party fact witness likely to have discoverable information without listing the subjects of that information. Thus, Ms. Schmidt's motion for protective order (Doc. 15) is **DENIED without prejudice**.

### III. CONCLUSION

Thus, the following is **ORDERED**:

1. Ms. Schmidt's Motion to Quash Subpoena (Doc. 15) is **GRANTED**. The Town's subpoena served on June 8, 2021 is **QUASHED**.

2. Ms. Schmidt's Motion for Protective Order (Doc. 15) is **DENIED without prejudice**.

    a. The Town may serve Ms. Schmidt with a new subpoena that gives her fourteen days' notice and is set on a date agreed upon by the parties and with consideration to Ms. Schmidt's availability.

    b. The discovery deadline is extended to July 9, 2021 solely to conduct Ms. Schmidt's deposition.[1]

**ENTERED** in Tampa, Florida on June 22, 2021.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[1] The plaintiffs' pending motion to stay pending ruling from Eleventh Circuit or, in the alternative, a motion for extension of discovery and other deadlines (Doc. 18) remains pending before District Judge Moody.