UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAWN BUENDING, ROBERT DOHMEN,
THOMAS K. BROWN, HARRY S.
FIELDS, WENDY FIELDS,
SHAWN MOORE, and DAGMAR MOORE,

    Plaintiffs,

v.                      Case No. 8:19-cv-1473-VMC-MRM

TOWN OF REDINGTON BEACH,

    Defendant.
_____/

PAMELA GREACEN and
ARTHUR L. BUSER, JR.,

    Plaintiffs,

v.                      Case No. 8:20-cv-2568-VMC-MRM

TOWN OF REDINGTON BEACH,

    Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of Plaintiffs Shawn Buending, Robert Dohmen, Thomas K. Brown, Harry S. Fields, Wendy Fields, Shawn Moore, Dagmar Moore, Pamela Greacen, and Arthur L. Buser, Jr.'s Motion to Stay Case (Doc. # 150 (19-cv-1473); Doc. # 77 (20-cv-2568)), filed on February 9, 2023. Defendant Town of Redington Beach

1

responded on February 13, 2023. (Doc. # 151 (19-cv-1473); Doc. # 78 (20-cv-2568)). For the reasons that follow, the Motion is granted.

**Discussion**

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997)(citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). Deciding whether to stay a case "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254-55.

This Court considers "several factors when evaluating a request for a stay, including prejudice to the non-moving party, whether the requested stay would simplify and clarify the issues, and whether the potential stay would reduce the burden of litigation on the parties and on the court." Mackiewicz v. Nationstar Mortg., LLC, No. 6:15-cv-465-GKS-GJK, 2015 WL 11983233, at *1 (M.D. Fla. Nov. 10, 2015)(citing Freedom Sci., Inc. v. Enhanced Vision Sys., No. 8:11-cv-1194-CEH-AEP, 2012 U.S. Dist. LEXIS 11410, at *2 (M.D. Fla. Jan. 21, 2012)).

The Plaintiffs move to stay this case pending rulings from two Florida appellate courts in related cases

2

challenging the state's customary use doctrine. (Doc. # 150 at 6). In the matter of Dirty Duck 16004 LLC et al v. Town of Redington Beach, Case No. 2D23-251, currently pending before Florida's Second District Court of Appeal, owners of beachfront property have sued Redington Beach claiming the same customary use ordinance at issue in the instant case is invalid. (Id. at 2). In the matter of Northshore Holdings, LLC et al v. Walton County, Florida, Case No. 1D22-0895, currently pending before Florida's First District Court of Appeal, owners of beachfront property in Walton County challenge the existence of customary use doctrine in Florida, arguing among other things that it was never adopted as a background principle of Florida law. (Id. at 3).

The Plaintiffs argue that a stay is appropriate because rulings in the state appellate cases could invalidate Redington Beach's customary use ordinance challenged here. (Id. at 9). Both cases, according to the Plaintiffs, are likely to resolve unsettled issues of state law relevant to this case. (Id. at 9-11).

Plaintiffs further argue that Redington Beach will suffer no prejudice from the stay because Redington Beach's ordinance will remain in effect during the stay. (Id. at 12). Regarding the Court's interests, Plaintiffs insist that a

stay will promote judicial economy by likely simplifying the issues to be tried in this case and avoiding the potential for inconsistent rulings on state law. (Id.). Redington Beach opposes a stay, chiefly because it believes the state appellate cases might not resolve all the issues in this case. (Doc. # 151 at 3-8).

The Court concludes that a stay pending resolution of the two state appellate cases would promote judicial economy. A district court may "stay a case pending the resolution of related proceedings in another forum." Ortega Trujillo v. Conover & Co. Commc'ns, 221 F.3d 1262, 1264 (11th Cir. 2000). The subject matter of the state appellate cases is directly related to the cases in front of this Court, and both have the potential to resolve relevant, unsettled issues of Florida law.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiffs Shawn Buending, Robert Dohmen, Thomas K. Brown, Harry S. Fields, Wendy Fields, Shawn Moore, Dagmar Moore, Pamela Greacen, and Arthur L. Buser, Jr.'s Motion to Stay Case (Doc. # 150 (19-cv-1473); Doc. # 77 (20-cv-2568)) is **GRANTED.**

(2) The case is stayed until further order of the Court.

(3) The Clerk is directed to stay and administratively close this case.

(4) The Plaintiffs are directed to immediately notify the Court upon the resolution of the <u>Dirty Duck 16004 LLC et al v. Town of Redington Beach</u> case in the Second District Court of Appeal, including the entry of any substantive order or opinion.

(5) The Plaintiffs are directed to immediately notify the Court upon the resolution of the <u>Northshore Holdings, LLC et al v. Walton County, Florida</u> case in the First District Court of Appeal, including the entry of any substantive order or opinion.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>27th</u> day of February, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE